UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HON. LAWRENCE J. O'NEILL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 1:11-cr-52  LJO |
| Plaintiff, ) | |
| ) | MOTIONS |
| vs. ) | |
| ) | |
| LORENA DUANE, BOUNSOU ) | |
| VORASANE, KAY VIENGKHAM, ) | |
| ) | |
| ) | |
| Defendants. ) | |

Fresno, California                    Thursday, July 28, 2011

REPORTER'S TRANSCRIPT OF PROCEEDINGS

REPORTED BY:  PEGGY J. CRAWFORD, RDR, CRR, Official Reporter

APPEARANCES OF COUNSEL:

For the Government:         **YASIN MOHAMMAD**
                            Assistant U.S. Attorney
                            2500 Tulare Street, Rm. 4401
                            Fresno, California  93721

For the Defendants:

(Lorena Duane)              **ANTHONY P. CAPOZZI**
                            Attorney at Law
                            1233 W. Shaw Ave.
                            Suite 102
                            Fresno, CA  93711

(Bounsou Vorasane)          FEDERAL DEFENDER'S OFFICE
                            2300 Tulare Street, Ste. 330
                            Fresno, CA  93721
                            BY:  **MARC DAYS**
                                 Assistant Federal Defender

(Kay Viengkham)             LAW OFFICES OF HARRY M. DRANDELL
                            1221 Van Ness Avenue, Ste. 450
                            Fresno,CA  93721
                            BY:  **HARRY M. DRANDELL**

```
 1   Thursday, July 28, 2011                    Fresno, California
 2   8:30 a.m.
 3            THE COURT:  Thank you, everyone.  Please be seated.
 4            Let's call let's call number 11 on calendar, Duane
 5   Vorasane and Viengkham.
 6            MR. CAPOZZI:  Tony Capozzi for Lorena Duane.  Your
 7   Honor, in my case, it is going to be a plea, but we haven't
 8   finalized the agreement yet.  Are you going to be available
 9   this afternoon?
10            THE COURT: Yes.  But -- let's see, she is out of
11   custody, so yes.
12            MR. CAPOZZI:  I'm in state court in a preliminary
13   hearing that's gone on forever.
14            THE COURT:  Are you available?
15            MR. MOHAMMAD:  I'm available, your Honor.
16            MR. CAPOZZI:  We may be able to resolve this this
17   afternoon, but I don't know in my prelim will be done.  Like
18   1:30 -- no.  Say, 2:00 o'clock?
19            MR. MOHAMMAD:  2:00 o'clock, if you give me one
20   second.
21            THE COURT:  When will you know?
22            MR. CAPOZZI:  Not until I get over and find out.  It
23   is five defendants and it's gone on forever.
24            MR. MOHAMMAD:  2:00 o'clock works for us, your Honor.
25            MR. CAPOZZI:  It may not be done by then, Judge, so I
```

1  hate to set something and say it's not going to work.  But if
2  we don't do it this afternoon, the U.S. attorney is gone next
3  week and I'm in trial for the rest of August.
4          THE COURT:  Well, why don't we do it at 12:15?
5          MR. CAPOZZI:  I won't have time to talk to him
6  because I will be in state court all morning.  We have a
7  tentative plea agreement, but I needed to talk to him and go
8  through it with the client.  Maybe we should just kick it out
9  a month or so.
10         MR. MOHAMMAD:  If I may, if the Judge would allow, if
11 you have time, we could talk now.  It is up to you.
12         THE COURT:  What time do you have to be over there?
13         MR. CAPOZZI:  9:30.
14         THE COURT:  Why don't you take five minutes to see
15 what you can accomplish.  If you can, great, we will do it.
16 If you can't, we won't do it.
17         MR. CAPOZZI:  Thank you, Judge.
18         (The Court heard other matters.)
19         THE COURT:  Mr. Capozzi was on number 11, and off the
20 record, he came in quickly, he had to be over at state Court.
21 His client is Lorena Duane, and that was continued until
22 today, at 2:00 p.m.
23         (The Court heard other matters.)
24         THE COURT:  Let me ask you a question on that, based
25 on the opposition that has been filed, is there going to be

1   extensive, are there going to be extensive discovery issues
2   now?
3            MR. DAYS:  I don't believe there is -- there is one
4   issue, your Honor.
5            THE COURT:  Okay.  Let me just call a couple of
6   others, and then I will come back to you, but the answer to
7   your question is no.
8            MR. DAYS:  Thank you.
9            (The Court heard other matters.)
10           THE COURT:  Let's call number 11 on calendar, only
11  two defendants left.
12           Mr. Capozzi, his issues with regard to a motion are
13  apparently going to be moot.  In any event, we have continued
14  that to 2:00 o'clock.  We will see if there is a change of
15  plea.
16           MR. DAYS:  Good morning, your Honor.  Marc Days for
17  Mr. Vorasane, who is present in Court.  He is in custody being
18  assisted by a Laotian interpreter.
19           MR. DRANDELL:  Good morning, your Honor.  Harry
20  Drandell on behalf of Kay Viengkham.  She has previously been
21  allowed to not be present at certain court dates such as this.
22           THE COURT:  Okay.
23           MR. DAYS:  Your Honor, I don't believe there are, in
24  terms of the motions, any outstanding discovery issues, except
25  for there is one issue, and that relates to the order that the

1  Court signed on the government's application for a protective
2  order regarding sealed portions of a search warrant affidavit.
3       And my issue is, simply, I did receive from the
4  government a heavily redacted affidavit in support of the
5  warrant.
6       The Court's order at line [sic] 1, lines 26 through
7  27, states that --
8       THE COURT: You mean page 1?
9       MR. DAYS: Page 1, correct. Lines 26 through 27,
10 states that "The Honorable Jonathan Conklin, Superior Court
11 Judge for the State of California, has signed an order
12 authorizing the release of a the sealed portion of a search
13 warrant affidavit by the United States Attorney's Office to
14 counsel for the defendants."
15      My issue is I really don't understand because of the
16 "a" and the "the," whether or not the Court, in signing this
17 order, authorized the release of the sealed portion of the
18 search warrant affidavit.
19      THE COURT: You correct me if I'm wrong, but as I
20 understood that, it is basically becoming moot because Judge
21 Conklin released it. It is now out there, it is open, and,
22 therefore, you get it.
23      In other words, if it is no longer sealed, if it is
24 no longer confidential, there is not a fight, is there? So
25 you get it.

1        MR. DAYS:  That's what my interpretation is of this.
2  However, I only have a sealed -- not -- excuse me, a heavily
3  redacted affidavit.
4        THE COURT:  Well, does the government dispute the
5  fact that Judge Conklin has issued the order that basically
6  releases the once confidential, now redacted portion?  In
7  other words, his isn't redacted and his is no longer sealed.
8  It is out there.  That's my understanding.  Does the
9  government have a different understanding of it?
10        MR. MOHAMMAD:  Your Honor, you know, I thought
11 that -- and I'm not completely clear on this issue, I'm going
12 to say from the get-go.  I thought that the release was for
13 what the government felt would keep the confidential informant
14 safe.
15        But if the judge signed an order releasing the entire
16 affidavit, then he signed an order releasing it, and I will
17 have to go back and check that.
18        THE COURT:  Why don't you do this.  Your
19 interpretation, Mr. Days, is correct based on my understanding
20 of what I have just stated.  Why don't you do this.  Why don't
21 you just make certain that that order is as represented, as I
22 understand it to be.
23        If I'm wrong, then my basis is wrong, and we will
24 revisit it.  But if I'm right factually, then that is my
25 order, and you need to turn it over.

```
1          MR. MOHAMMAD:  Absolutely, your Honor.
2          THE COURT:  Okay.  How long do you need?
3          MR. MOHAMMAD:  How about -- wow, I'm gone starting
4  tomorrow.  So how about a week and a half, maybe by -- let me
5  pull out a calendar here.
6          THE COURT:  Any objection to by August 10?
7          MR. MOHAMMAD:  August 10 is fine, your Honor.
8          THE COURT:  Okay.
9          MR. DAYS:  And how does the Court want to
10 logistically proceed?
11         THE COURT:  If he gets back to you and says, "Here it
12 is," it's over.  If he gets back to you and says, "There is a
13 problem, I won't give it up," then call chambers on the 10th,
14 we will put it on the 12th, and get it done.
15         MR. DAYS:  Thank you, your Honor.
16         MR. MOHAMMAD:  Thank you.
17         THE COURT:  Anything else?
18         MR. DRANDELL:  No.
19         THE COURT:  Then where are we?  Motions have gone
20 away.
21         MR. DAYS:  Can we set it for the 12th anyway?
22         THE COURT:  We can.  What time?
23         MR. DAYS:  9:00 is fine.
24         THE COURT:  How about 9:00.  Time will continue to be
25 excluded because there is an outstanding motion that has not
```

```
 1   possibly been resolved.
 2           And then at that time, are we going to set trial or
 3   what?
 4           MR. DAYS:  Well, I anticipate filing a motion to
 5   suppress and a motion related to obtaining a Franks hearing.
 6   I don't want to fully say that that's what I'm going to do
 7   yet.
 8           THE COURT:  Will you be prepared to tell us on that
 9   day?
10           MR. DAYS:  Yes.
11           THE COURT:  That's what we will do.  Thanks.
12           MR. MOHAMMAD:  Thank you, your Honor.
13           (The proceedings were concluded at 9:31 a.m.)
14           I, PEGGY J. CRAWFORD, Official Reporter, do hereby
15           certify the foregoing transcript as true and correct.
16
17   Dated:  08/15/2011            /s/ Peggy J. Crawford
                                   PEGGY J. CRAWFORD, RDR-CRR
18
19
20
21
22
23
24
25
```