UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HON. LAWRENCE J. O'NEILL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 1:11-cr-52  LJO |
| Plaintiff, ) | |
| ) | STATUS CONFERENCE |
| vs. ) | |
| ) | |
| LORENA DUANE, BOUNSOU ) | |
| VORASANE, KAY VIENGKHAM, ) | |
| ) | |
| ) | |
| Defendants. ) | |

Fresno, California                    Friday, May 27, 2011


REPORTER'S TRANSCRIPT OF PROCEEDINGS


REPORTED BY:  PEGGY J. CRAWFORD, RDR, CRR, Official Reporter

APPEARANCES OF COUNSEL:

For the Government:          **KATHLEEN SERVATIUS**
                             Assistant U.S. Attorney
                             2500 Tulare Street, Rm. 4401
                             Fresno, California  93721

For the Defendants:

(Lorena Duane)               **ANTHONY P. CAPOZZI**
                             Attorney at Law
                             1233 W. Shaw Ave.
                             Suite 102
                             Fresno, CA  93711

(Bounsou Vorasane)           FEDERAL DEFENDER'S OFFICE
                             2300 Tulare Street, Ste. 330
                             Fresno, CA  93721
                             BY:  **MARC DAYS**
                                  Assistant Federal Defender

(Kay Viengkham)              LAW OFFICES OF HARRY M. DRANDELL
                             1221 Van Ness Avenue, Ste. 450
                             Fresno,CA  93721
                             BY:  **HARRY M. DRANDELL**

Case 1:11-cr-00052-MCE   Document 189   Filed 06/18/12   Page 3 of 10

3

```
 1  Friday, May 27, 2011              Fresno, California
 2  9:20 a.m.
 3              (The following proceedings were had with the aid of
 4          the language skilled interpreter, Chy Ya, in the
 5          Laotian language, oath on file.)
 6              THE COURT:  Number 12 on calendar, Lorena Duane,
 7  Bounsou Vorasane, Kay Viengkham.
 8              MR. CAPOZZI:  Good morning, your Honor.  Tony Capozzi
 9  for Lorena Duane, who has a waiver on file.
10              MR. DAYS:  Good morning, your Honor.  Marc Days with
11  Mr. Vorasane, who is present in court.  He is in custody.
12              THE COURT:  All right.  As I recall, the last time we
13  met, there was an issue concerning the search warrant and
14  information that was being requested, and there was an issue
15  of a fugitive and not having been arrested yet.  Is that
16  person still on fugitive status?
17              MS. SERVATIUS:  Yes, your Honor.
18              THE COURT:  Was this issue worked out or not worked
19  out?
20              MS. SERVATIUS:  Your Honor, I have a copy of a
21  proposed redaction to the confidential attachment.  I
22  understand that the judge of the superior court signed an
23  order last night allowing us to release the information,
24  although I don't have a signed copy of the order.
25              It was going to be released under a protective order,
```

1  and I do have access to the substance of the order that was
2  submitted.  If I could just find it on my -- in my e-mail
3  here.
4           It basically would allow us to provide the redacted
5  portion of the affidavit to the defendants, with the
6  understanding that the defense counsel won't show it to
7  anybody else and will only use it for purposes of the search
8  warrant on suppression issue.
9           THE COURT:  When you say won't show it to anyone
10 else, you are saying that he can use it for the purposes of
11 filing a motion?
12          MS. SERVATIUS:  And the Court, of course, would have
13 access to it for purposes of deciding any search warrant
14 issue, but that it wouldn't be revealed to the defendant or
15 used for any other purpose.
16          THE COURT:  Well, so first of all, it would have to
17 be filed in sealed form.
18          MS. SERVATIUS:  Correct.
19          THE COURT:  What about oral argument?
20          MS. SERVATIUS:  Well, your Honor, we could --
21          THE COURT:  Is that restricted?
22          MS. SERVATIUS:  No.  It is just the substance of the
23 warrant itself.
24          THE COURT:  But isn't the substance of the warrant
25 affidavit, wouldn't that be -- at least I'm inferring --

Case 1:11-cr-00052-MCE   Document 189   Filed 06/18/12   Page 5 of 10

5

1  wouldn't that be the substance of the motion?  And if yes, how
2  is this workable if he is not restricted on oral argument?
3           MS. SERVATIUS:  Your Honor, if the Court were to make
4  such a protective order, how would the Court fashion it?
5           THE COURT:  How would I fashion it?  That's exactly
6  what the question is.  I'm not sure how I can fashion it if he
7  is able to obtain the redacted portion and after he does that,
8  he makes the determination that it is a worthy motion and he
9  brings the motion, my understanding is that based on what the
10 superior court judge is ordering as to the release of it, that
11 it can't be used -- excuse me, it can't be shared
12 substantively with anyone, including the defendant.
13          And I'm wondering how that is workable if there is
14 oral argument.
15          MS. SERVATIUS:  Your Honor, the information that
16 needs to be protected wouldn't be available for defense
17 counsel to reveal to their client.
18          THE COURT:  So what good does it do to give it to him
19 if he can't use it?  Maybe we are on different wavelengths
20 here, but aren't you saying that he can be given the redacted
21 affidavit but then he cannot share the substance of it with
22 his client or anyone else?
23          MS. SERVATIUS:  Correct.  It's for purposes of the
24 Court and counsel to argue the motion to suppress.
25          THE COURT:  How can he argue it if he can't argue

1  substantively what is in it?
2           MS. SERVATIUS:  The Court can make whatever
3  arrangements are necessary to verify that outside individuals
4  don't have access to the oral argument.
5           THE COURT:  Including his client?
6           MS. SERVATIUS:  Yes.
7           THE COURT:  I don't think so.  I mean there is -- we
8  can see what Mr. Days' position is on --
9           MS. SERVATIUS:  Your Honor, we are taking this
10 because the Court said at the last hearing, "What if we
11 fashion a protective order so that only Mr. Days could review
12 it."
13          THE COURT:  Yes, I understand, but I only went
14 halfway; I went to that point of disclosure.  I didn't then go
15 to the next step of what if he decides that it is of value
16 that he needs to file a motion.
17          MS. SERVATIUS:  Your Honor, I have a case, it's
18 *United States versus Napier*, and it had a similar situation,
19 wherein there was a *Hobbs* search warrant from the state that
20 was being used in federal court, and the courts upheld the
21 fact that the defendant doesn't have an absolute right to have
22 access to the information that is in the sealed portions of
23 the affidavit.
24          THE COURT:  I'm familiar with the case, but the case
25 only goes to what my inquiry was at the last hearing.  It

1  doesn't go to the issue of what happens if there is a motion
2  that is filed of substance that is based on that information.
3          MS. SERVATIUS:  The -- there was a hearing on the
4  motion in the district court on the case.
5          THE COURT:  And you are saying that the defendant was
6  excluded from oral argument?
7          MS. SERVATIUS:  No.  What I'm saying, your Honor, is
8  that this document is going to remain sealed in the state
9  court.  A portion of it is being revealed to the defense
10 counsel.  That information needs to be kept from the
11 defendant.  The defendant can litigate the motion to suppress,
12 but the --
13         THE COURT:  I understand what you are saying.
14         It seems to me, Mr. Days, that what we have to do is
15 we have to take this step by step.  First step is she is going
16 to give you the information if you agree to abide by an order
17 not to share it with anybody, including your client.
18         And if you get to a point where, as a result of your
19 review of it, you make the decision that it is worthy of a
20 substantive motion, then we are going to have the same
21 argument that we were starting to have here, and that is going
22 to be a little more difficult than this one.
23         MR. DAYS:  Understood, your Honor.
24         THE COURT:  Do you agree?
25         MS. SERVATIUS:  Your Honor, I can provide to the

Case 1:11-cr-00052-MCE   Document 189   Filed 06/18/12   Page 8 of 10

8

1   Court, if the Court desires, a copy of the confidential
2   attachment showing the redactions, but allowing the Court to
3   see through them.
4           THE COURT:  No, I don't think I need to do that at
5   this point.  Only if Mr. Days has an issue once he gets what
6   he is going to review and makes his determination.
7           There are several determinations he can make.  One
8   is, all right, I have got enough information and it is not
9   worthy of a motion.  Another, of course, is I have got enough
10  information and it is.  Or a third one is there is not enough
11  information here and I need more than you have given me
12  because this is worthless.
13          But there is no sense in going down that road until
14  we know what Mr. Days is going to do.
15          How long do you need?
16          MR. DAYS:  Your Honor, I obviously would like to look
17  at it and decide what step we take.  I would ask for -- I
18  would ask for the 9th of June.
19          THE COURT:  Any objection?
20          MS. SERVATIUS:  No, your Honor.
21          THE COURT:  All right.  So -- oh, yeah, that week, we
22  are doing calendar on Thursday, instead of Friday, because I
23  won't be here on June 10.  Are you anticipating just coming
24  back for a status to tell me what you are going to do?
25          MR. DAYS:  Yes, your Honor.  And, actually, what I

1  wanted to point out to the Court and to the government is
2  that, depending upon what I see, I may need to look into some
3  issues, research some things, and if I feel like I can't make
4  a determination by the 9th, I would contact the government and
5  ask for a continuance to allow me enough time to ascertain
6  what I need to ascertain.
7        THE COURT:  All right.  June 9th, at 2:00 p.m., and
8  if you find that that's not enough time, then send in a
9  stipulation, tell me what date you need.
10       MS. SERVATIUS:  Your Honor, could I draft a
11 protective order from this Court as well that mirrors the
12 terms of the state order?  The Court at a later time could
13 adjust those terms as it becomes necessary during the course
14 of the proceeding.
15       THE COURT:  Yes, that would be just fine.
16       And if, Mr. Days, if you have a problem with the
17 order that I sign, let me know at that time.
18       MR. DAYS:  Understood.
19       MR. CAPOZZI:  Judge, as for co-defendants, I don't
20 see any need to appear on that particular issue.  Could we set
21 a status conference for all of us so we know what's going to
22 be happening after Mr. Days decides what's due?
23       THE COURT:  I'm inclined to set it on that date just
24 because --
25       MR. CAPOZZI:  I'm out of town that date.

1    THE COURT:  You don't have to be here at all, just as
2 long as Mr. Days has dates for a status conference that are
3 fine with you.  And that way, we are setting it where
4 everybody is available.
5    MR. CAPOZZI:  That's fine.
6    MR. DAYS:  That's fine, your Honor.
7    THE COURT:  Anything else?
8    MR. DAYS:  No, thank you.
9    MR. DRANDELL:  Just Harry Drandell on behalf of Kay
10 Viengkham.
11    THE COURT:  Okay.  Mr. Drandell, come or don't come;
12 just the same issue that Mr. Capozzi has if you don't come.
13    MR. DRANDELL:  Thank you, your Honor.
14    THE COURT:  Time exclusion, does everybody agree that
15 we are really working within a frame of a motion here, so time
16 should be excluded?
17    (All counsel agreed.)
18    THE COURT:  Any objection?  Done.
19    (The proceedings were concluded at 9:29 a.m.)
20    I, PEGGY J. CRAWFORD, Official Reporter, do hereby
21    certify the foregoing transcript as true and correct.
22
23 Dated:  06/18/2012                    /s/ Peggy J. Crawford
                                        PEGGY J. CRAWFORD, RDR-CRR
24
25